UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ETHEL MITCHELL, *et al.*, | Civ. No. 24-4109 (GC)(JBD) |
| Plaintiffs, | |
| v. | |
| KENVUE, INC., *et al.*, | |
| Defendants. | |
| ASHLY JONES, *et al.*, | Civ. No. 24-8571 (GC)(JBD) |
| Plaintiffs, | |
| v. | |
| KENVUE, INC., *et al.*, | |
| Defendants. | |
| ALAN MONTENEGRO, *et al.*, | Civ. No. 24-9226 (GC)(JBD) |
| Plaintiffs, | |
| v. | |
| JOHNSON AND JOHNSON CONSUMER, INC., *et al.*, | |
| Defendants. | |

**MEMORANDUM ORDER
CONSOLIDATING CASES AND
APPOINTING INTERIM LEAD CLASS COUNSEL**

Before the Court in these putative class actions are competing motions to appoint interim lead class counsel. *See Mitchell, et al., v. Kenvue, Inc., et al.*, Civ. No. 24-4109 (GC)(JBD) ("*Mitchell*"), Dkt. 51; *Jones, et al., v. Kenvue, Inc., et al.*, Civ. No. 24-8571 (GC)(JBD) ("*Jones*"), Dkt. 23; and *Montenegro, et al., v. Johnson & Johnson Consumer Inc., et al.*, Civ. No. 24-4109 (GC)(JBD) ("*Montenegro*"), Dkt. 80. The Court has reviewed the motion papers and enters this non-dispositive order pursuant to Federal Rules of Civil Procedure 23(g)(3), 42(a) and 72; Local Civil Rule 72.1(a)(1); and 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Court appoints R. Brent Wisner, Esq., of Wisner Baum, L.L.P.; Nick Suciu III, Esq., of Milberg Coleman Bryson Phillips Grossman, PLLC; and Phil Fraietta, Esq., of Bursor & Fisher P.A. as interim co-lead class counsel for plaintiffs. With the agreement of all parties and pursuant to Rule 42(a), the Court also consolidates the actions for all purposes.

I.   BACKGROUND AND PROCEDURAL HISTORY

In each of these cases, plaintiffs, acting on behalf of a nationwide class and various sub-classes of consumers, assert state-law claims against defendants Kenvue, Inc. ("Kenvue") and Johnson & Johnson Consumer Inc. ("J&J") in connection with the defendants' marketing and sale of over-the-counter acne medication—sold under the brand names Neutrogena and Clean & Clear—that

2

plaintiffs allege contained benzoyl peroxide ("BPO"). Plaintiffs in *Montenegro* filed suit on March 8, 2024 in the United States District Court for the Central District of California; plaintiffs in *Mitchell* filed suit in this Court on March 22, 2024; and plaintiffs in *Jones* filed suit in the United States District Court for the Western District of Missouri on July 31, 2024. By agreement, *Jones* was transferred to this Court on August 20, 2024. Over plaintiffs' opposition, *Montenegro* was transferred to this Court on September 17, 2024.

In a nutshell, plaintiffs in each action allege that defendants failed appropriately to warn that their products contained unsafe levels of the carcinogen benzene and that the BPO in the products can degrade to benzene in certain conditions to an unacceptable and dangerous level. As a result, plaintiffs allege that they were misled into purchasing misbranded and adulterated products under state and federal law. To recover for that alleged harm, plaintiffs assert claims under various state laws for consumer fraud, deceptive trade practices, breach of warranty, and unjust enrichment.

Defendants deny the legal and factual allegations in plaintiffs' complaints. They moved to dismiss the complaint in *Mitchell*, but the Court terminated that motion without prejudice pending the appointment of interim lead class counsel. Likewise, defendants moved to dismiss the complaint in *Montenegro* while the case was pending in the Central District of California, but the court there did not address

3

that motion, instead opting to transfer the matter here. With the three cases now before this Court, the Court consolidates them and appoints interim class counsel.

## II.   DISCUSSION

### A.   CONSOLIDATION

All parties agree that consolidation of these cases for all purposes is appropriate. The Court agrees as well. Pursuant to Rule 42(a), the Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad authority to consolidate actions for trial involving common questions of law or fact if, in its discretion, it finds that consolidation would "facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). The Court here has no doubt that consolidation will minimize delay, expense, and inefficiency. While there are some minor variations in the factual allegations and causes of action asserted, there is no dispute that the operative complaints and legal theories in the *Mitchell*, *Jones*, and *Montenegro* cases are substantively the same. *See, e.g.*, *Montenegro*, Dkt. 60 at 2 (court order explaining that each action "rel[ies] on [a laboratory's] findings about benzene in [d]efendants' BPO products and similarly allege that [d]efendants, by failing to warn consumers of the risk of BPO degrading into benzene in their products, caused consumers to purchase products they would not have bought had they known of the risk"). Indeed, failing to consolidate these cases would be

4

inefficient and a waste of judicial resources. *Cf. id.* at 10 (transferring *Montenegro* to this Court to enable consolidation).[1]

Accordingly, the Court will direct the Clerk to consolidate these matters for all purposes under docket number 24-4109, and to assign the consolidated cases the master caption "*In re Kenvue BPO Products Liability Litigation.*" The Court also will direct the Clerk to close docket numbers 24-8571 and 24-9226.

### B.   APPOINTMENT OF INTERIM LEAD CLASS COUNSEL

The Court next considers the appointment of interim lead class counsel. Counsel for the *Montenegro* plaintiffs seek appointment on the one hand; and counsel for the *Mitchell* and *Jones* plaintiffs jointly seek appointment on the other. The Court gave counsel for the plaintiff groups the opportunity to agree on a joint leadership arrangement; however, the parties could not agree, prompting these motions. The Court now decides them.

Rule 23(g)(3) authorizes the Court to "designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). This typically occurs where "a large number of putative class actions have been consolidated or otherwise are pending in a single

---

[1] In August 2024, the Judicial Panel on Multi-District Litigation denied an application to centralize all pending BPO-related litigation in a single district. *See In re Benzoyl Peroxide Marketing, Sales Practices and Prods. Liab. Litig.*, 743 F. Supp. 3d 1373 (J.P.M.L. Aug. 1, 2024). In doing so, the panel recognized the efficiency of creating defendant-specific "hubs." *Id.* at 1374-75. Consolidating these cases is consistent with that approach.

court." *In re Apple Inc. Smartphone Antitrust Litig.*, Civ. No. 24-3113 (JXN), 2024 WL 4512016, at *2 (D.N.J. Oct. 17, 2024) (citation omitted).[2] "Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *Yaeger v. Subaru of Am., Inc.*, Civ. No. 14-4490 (JBS), 2014 WL 7883689, at *1 (D.N.J. Oct. 8, 2014) (citation omitted). Accordingly, the Court considers the following factors:

(i) the work that counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

---

[2] The Manual for Complex Litigation provides additional guidance regarding appointment of interim lead counsel before class certification:

> If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

Manual for Complex Litigation (Fourth) § 21.11, at 246 (2004). Such is this case.

6

Fed. R. Civ. P. 23(g)(1)(A). The Court also may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *Third Circuit Task Force Report, Selection of Class Counsel*, 208 F.R.D. 340, 419-20 (3d Cir. 2002) (listing additional considerations regarding counsel's motivation, experience, and understanding of case and lead plaintiff's economic stake in litigation). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). The selection of interim lead counsel is a decision within the Court's broad discretion. *See Garbaccio v. St. Joseph's Hospital*, Civ. No. 16-2740 (JMV), 2017 WL 1196458, at *2 (D.N.J. Mar. 13, 2017) (citation omitted).

Upon review of the competing applications for appointment of interim class counsel here, the Court finds that counsel for each of the plaintiff groups are qualified and experienced in handling class actions and other complex litigation; that they are knowledgeable in the applicable law relevant to these cases; and that they are capable of devoting and willing to devote adequate time, energy, and resources on behalf of the plaintiff classes in prosecuting this litigation. Accordingly, the second, third, and fourth factors generally are neutral.

Considering the remaining factor and the Court's overall, holistic assessment of counsel best positioned to represent the plaintiff classes, the Court selects counsel for the *Montenegro* plaintiffs to act as interim co-lead counsel. Messrs. Wisner,

7

Suciu, and Fraietta, and their respective firms and colleagues, are experienced practitioners in the consumer class-action space—including other class actions alleging that defendants sold adulterated drugs—and have devoted significant time and resources in developing the factual allegations and legal theories that underlie these cases and other BPO-related litigation pending throughout the country, including conducting extensive scientific research and testing. Counsel filed the *Montenegro* action before the complaints in *Mitchell* and *Jones*, a fact to which the Court gives some attention.[3] More importantly, it is apparent that the *Montenegro* complaint formed a substantial basis for the complaints in *Mitchell* and *Jones*. As counsel correctly notes, the *Mitchell* and *Jones* complaints contain numerous passages that are set forth verbatim from the *Montenegro* complaint.[4] This reflects *Montenegro* counsel's primary efforts to investigate, develop, and bring these cases.

---

[3]     Counsel for *Mitchell* and *Jones* make several points related to the timing and procedural posture of the cases, which they argue weigh in favor of selecting them as interim counsel rather than counsel for *Montenegro*. These points do not persuade. First, counsel for *Mitchell* and *Jones* observe that whereas *Mitchell* was the first case to name Kenvue as a defendant, plaintiffs in *Montenegro* originally named only J&J (Kenvue's affiliate) as a defendant, only adding Kenvue in May 2024 after the *Mitchell* complaint had been filed. Although *Mitchell* was the first case to name Kenvue as a defendant, in no real sense does that make it the first-filed case. Similarly, the fact that *Mitchell* was the first of these cases filed *in this district* has little bearing on the Court's decision. Finally, *Montenegro* counsel's opposition to the motion to transfer the case to this Court has no bearing on the issue before the Court now that the case is here, *viz.*, who is best positioned to represent the plaintiff classes on an interim basis.

[4]     The Court recognizes that the complaints in *Mitchell* and *Jones* include some factual allegations and causes of action that do not appear in *Montenegro* or any

8

Based on the totality of circumstances presented, the Court concludes that Messrs. Wisner, Suciu, and Fraietta, and their respective firms and colleagues, will best and most effectively represent the putative plaintiff classes in this case.[5] The Court will appoint them as interim co-lead counsel for all purposes through a decision on class certification.[6]

### III. CONCLUSION

For the reasons stated and good cause appearing, the Court **ORDERS** as follows:

1.  The Clerk shall reactivate the motion to consolidate filed at [Dkt. 41] in Civ. No. 24-4109. That motion is **GRANTED**, and the Clerk is directed to **CONSOLIDATE** these matters (Civ. Nos. 24-4109; 24-8571; and 24-9226) for all purposes under docket number 24-4109 and to assign the consolidated action the

---

other complaint. While the Court is not prepared to brand *Mitchell* and *Jones* as "copycat" actions, it nonetheless gives significant weight to the fact that a sizeable portion of the *Montenegro* complaint subsequently appeared verbatim in the *Mitchell* and *Jones* complaints.

[5] Because Mr. Fraietta is admitted to the bar of this Court (and has sponsored the *pro hac vice* admission of Messrs. Wisner and Suciu and several of their colleagues), the Court does not appoint separate liaison counsel for plaintiffs.

[6] The Court notes that it has given some consideration to appointing some combination of counsel for the three plaintiff groups to be interim co-lead counsel. Given the apparent disagreement amongst counsel as to an appropriate leadership structure, the Court has opted against that course out of concern that it will be counterproductive. Nonetheless, because interim lead counsel will be entrusted to represent all plaintiffs through a decision on class certification, the Court is confident that appointed counsel will consider the views expressed by counsel for the *Mitchell* and *Jones* plaintiffs as the litigation proceeds.

master caption "*In re Kenvue BPO Products Liability Litigation.*"  All future filings in the consolidated action shall bear that caption.  Upon effecting the consolidation, the Clerk shall **CLOSE** docket numbers 24-8571 and 24-9226.

2. The Court **APPOINTS** as interim co-lead class counsel R. Brent Wisner, Esq., of Wisner Baum, L.L.P.; Nick Suciu III, Esq., of Milberg Coleman Bryson Phillips Grossman, PLLC; and Phil Fraietta, Esq., of Bursor & Fisher P.A. to represent all putative classes and sub-classes of plaintiffs in these actions through a decision on class certification.

3. Interim co-lead counsel shall have the following authority and responsibilities:

    a. preparation, coordination, and filing of a consolidated amended complaint;

    b. preparation of and presentation to the Court and opposing parties the position of the named plaintiffs and putative class members on all other matters arising during pretrial proceedings;

    c. serving as the primary contact for communications between plaintiffs and defendants, and between plaintiffs and the Court;

    d. convening and coordinating meetings among plaintiffs' counsel, and delegation of specific tasks to other counsel to ensure that all pretrial proceedings are conducted efficiently and effectively;

 e. entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

 f. initiation and coordination of discovery on behalf of the named plaintiffs and putative class members consistent with applicable rules and orders of the Court;

 g. hiring of expert witnesses and consultants on behalf of the named plaintiffs and putative class members, as needed to prepare for class certification and trial, and advancement of other costs that may be reasonable and necessary to the conduct of the litigation;

 h. coordinating and holding settlement negotiations on behalf of the named plaintiffs and putative class members, and, if appropriate, entering into a settlement that is fair, reasonable, and adequate on behalf of the putative class members;

 i. coordination with all counsel to ensure that schedules are met, unnecessary expenditures of time and funds are avoided, and that the interests of all named plaintiffs and putative class members are fairly and adequately represented; and

 j. performance of such other duties incidental to the proper and efficient prosecution and coordination of pretrial activities on

behalf of plaintiffs and putative class members or authorized by further order of this Court.

4. The Court may, as necessary and appropriate, supplement this Order to authorize or direct interim co-lead counsel to engage in additional actions consistent with or in addition to the powers enumerated above.

5. Counsel for the parties shall meet and confer and, on or before May 9, 2025, file via CM/ECF a joint letter proposing an agreed-upon schedule for the filing of a consolidated amended complaint and briefing on defendants' anticipated motion to dismiss that complaint. If the parties cannot agree on a schedule, they shall set forth their competing proposals in the joint letter.

6. The Clerk is directed to mark the following motions closed:

   a. Civ. No. 24-4109, Dkts. 41 and 51;

   b. Civ. No. 24-8571, Dkt. 23; and

   c. Civ. No. 24-4109, Dkt. 80.

**IT IS SO ORDERED** this 28th day of April, 2025.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE